UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x
MICHAEL TAYLOR,

          Plaintiff,

   -against-                        **MEMORANDUM AND ORDER**
                                         Case No. CV-07-3469 (FB)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.
------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
RONALD L. EPSTEIN, ESQ.
Grey and Grey, L.L.P.
360 Main Street
Farmingdale, NY 11735

*For the Defendant:*
BENTON J. CAMPBELL, ESQ.
United States Attorney
Eastern District of New York
By: Zachary A. Cunha, Esq.
Assistant United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

       Plaintiff, Michael Taylor ("Taylor"), seeks review of the final decision of defendant, the Commissioner of Social Security ("Commissioner"), denying Taylor's application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c). Taylor and the Commissioner agree that the Administrative Law Judge ("ALJ") committed legal error, but disagree as to the appropriate remedy: Taylor seeks reversal and remand solely for the calculation of benefits, while the Commissioner argues that reversal and remand for further

1

administrative proceedings is the appropriate course of action. For the reasons described below, the Court remands for further administrative proceedings.

I

Taylor first applied for DIB on October 30, 1998, claiming that he was unable to work due to degenerative disc disease and/or a herniated disc, pain in his right leg, and weakness in his right ankle. After a hearing, ALJ Cofresi found that Taylor's impairments were severe, but that he nonetheless possessed the residual functional capacity ("RFC") to perform his past relevant work as a cashier. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Taylor's request for review on August 30, 2002. The district court affirmed the Commissioner's denial. *See* Memorandum and Order, *Taylor v. Barnhart*, No. 02-CV-5361(SJ) (Jan. 21, 2004) (Johnson, J.).

On appeal, however, the Second Circuit reversed. *See Taylor v. Barnhart*, No. 04-1624-CV, 2004 WL 2786372 (2d Cir. Dec. 6, 2004). The circuit court found several major faults with the ALJ's decision: first, that the ALJ had failed to properly apply the "treating physician rule" because he "did not give sufficient reasons explaining how, and on the basis of what factors, [treating physician] Dr. Hecht's opinion was weighed[,]" *id.* at *1; second, that the ALJ had "failed to address the views of several other physicians who had treated Taylor on a consistent basis and whose diagnostic findings arguably buttressed those of Dr. Hecht[,]" *id.*; and third, that the record "lack[ed] . . . substantial evidence supporting the ALJ's conclusion that Taylor's [subjective] claims of incapacitation were not credible." *Id.* at *2. To the extent that the ALJ had found Taylor unbelievable due to the *absence* of certain evidence (e.g., evidence corroborating Taylor's claimed weight loss), the

2

circuit court held that the ALJ had committed legal error by failing to "see to it that these gaps were filled by supplemental evidence." *Id.* The circuit court remanded to the district court with instructions to remand the case to the Commissioner for further proceedings.

A further hearing was conducted on October 18, 2005, again before ALJ Cofresi. By decision dated November 17, 2005, he again denied Taylor's claim. The ALJ found that Taylor suffered from degenerative disc disease, an impairment that is severe, but "not severe enough" to qualify as a disability *per se.* A.R. at 276.[1] The ALJ noted Dr. Hecht's opinion that Taylor was totally disabled, and addressed the reports of Taylor's other treating physicians, as the Second Circuit had ordered, but came to the conclusion that Dr. Hecht's opinion was not entitled to controlling weight because the objective clinical observations in the record did not support a finding of total disability. As for Taylor's own subjective complaints of debilitating pain, the ALJ found that Taylor's testimony was "not entirely credible[,]" *id.* at 274-83, noting the "conservative treatment" Taylor had received and his opinion that the "medical evidence is not supportive of the intensity of [his] subjective complaints . . . ." *Id.* at 279. The ALJ also noted that Taylor had complained of clinical depression, but summarily found that his "alleged depression does not significantly affect his ability to work." *Id.* In conclusion, the ALJ found once again that Taylor had the RFC necessary to perform his prior relevant work as a cashier. The Appeals Council affirmed on June 23, 2007; thereafter, Taylor timely filed this action.

---

[1] Citations to "A.R." refer to the Administrative Record.

# II

Upon review by a district court, the Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002). With respect to factual findings, a reviewing court must not "substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). On the other hand, the court must determine for itself whether the Commissioner applied the correct legal standards. *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984).

Both parties agree that the ALJ committed legal error by failing to comply with the Second Circuit's directive to "engage in a detailed discussion of the credibility question and [state] the explicit basis for his findings . . . ." Def. Br. at 21. Given such a concession, the Court must reverse the Commissioner's decision. *Townley*, 748 F.2d at 112. Taylor also argues that the ALJ made additional legal errors which the Commissioner *does not* acknowledge; once these errors are taken into account, Taylor claims, the record sufficiently supports a finding of disability and justifies a remand solely for the calculation of benefits. Consequently, the Court first addresses Taylor's further claims of error, and then turns to the question of the proper remedy.

## A. The Treating Physician Rule

Dr. Hecht, Taylor's primary treating physician, expressed his opinion in June 2000 that Taylor could sit and/or stand for only 15 minutes at a time, and could do each for less than two hours per eight-hour working day; that he could only "[o]ccasionally" lift a weight of less ten pounds, A.R. at 165; and that he "needs to shift positions *at will* from

4

sitting, standing or walking." *Id.* (emphasis in original).² These limitations, if true, would prevent Taylor from performing even sedentary work, the least strenuous type of work recognized under Social Security regulations. *See* 20 C.F.R. § 404.1567. Taylor claims that the ALJ violated the "treating physician rule" by failing to give controlling weight to Dr. Hecht's opinion, and that the rule, properly applied, *requires* a finding of disability on the present facts. The Commissioner argues that the ALJ properly applied the treating physician rule.

The treating physician rule provides that a treating physician's opinion as to the *nature and/or severity* of a claimant's condition is entitled to "controlling weight" in certain circumstances. 20 C.F.R. § 404.1527(d)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). The rule does not apply to physician opinions as to a claimant's RFC or ultimate disability status, which are issues reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e). And an ALJ is not required to give a treating physician's opinion controlling weight if it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or is "inconsistent with the other substantial evidence in [the applicant's] case record." 20 C.F.R. § 404.1527(d)(2); *see also Rosato v. Barnhart*, 352 F. Supp. 2d 386, 395 (E.D.N.Y. 2005).

Taylor points out that Dr. Hecht and his associates made repeated objective clinical findings consistent with *some* degree of disability. The ALJ, however, found in his

---

² Dr. Khatchatrian, a colleague of Dr. Hecht, attested in October 2005 that Taylor's condition remained the same and that the limitations described in Dr. Hecht's June 2000 evaluation remained in effect at that time. A.R. at 318.

5

post-remand decision that Dr. Hecht's opinion was not entitled to controlling weight because these "objective [clinical] findings" did not support Dr. Hecht's suggestion that Taylor was *totally* disabled. A.R. at 280. Furthermore, the ALJ found that Dr. Hecht's opinion was inconsistent with other record evidence. For example, Dr. Hecht's colleague, Dr. Steiner, described Taylor's condition as a "permanent *partial* disability[,]" A.R. at 155 (emphasis added), and Dr. Katz, a non-treating orthopedic surgeon who examined Taylor, found negative straight leg raising and no tenderness or loss of muscle strength, concluding that Taylor had only a "mild partial" disability. A.R. at 192.[3] Because of these conflicts in the record, the Court cannot hold that the ALJ was *required* to grant controlling weight to Dr. Hecht's opinion.

Taylor is correct, however, that the ALJ misapplied the treating physician rule in two other respects. First, although an ALJ may elect not to assign controlling weight to the opinion of a treating physician where it is not well-supported by objective evidence, before reaching this conclusion, "the adjudicator must make every reasonable effort to re-contact the [treating physician] for clarification of the reasons for the opinion." Soc. Sec.

---

[3] The ALJ also cited the opinion of Dr. Khattak, who examined Taylor on a consultative basis in May of 1999 and found, *inter alia*, that Taylor was able to "sit, stand, bend, walk, reach, lift and carry." A.R. at 124-25. The court notes, however, that subsequent to the ALJ's most recent decision, the Social Security Administration removed Dr. Khattak from the New York State Agency panel of physicians eligible to perform consultative examinations. *See Gonzalez v. Astrue*, No. 04-CV-3437 (JG), 2008 WL 75518 at *10 (E.D.N.Y. Mar. 20, 2008); *see also Heath v. Astrue*, No. CV-07-1238 (FB), 2008 WL 1850649, at *3 n.4 (E.D.N.Y. Apr. 22, 2008) (Block, J.) (directing ALJ to disregard Dr. Khattak's report due to "Dr. Khattak's troubled history and the Social Security Administration's own stance of according no weight to his findings"). Accordingly, the Court expects that the Commissioner will not rely on any medical opinions from Dr. Khattak in the future.

Ruling 96-5p, 1996 WL 374183, at *6 (S.S.A. July 2, 1996) (internal quotation marks omitted); *see also* 20 C.F.R. § 404.1512(e); *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998) ("even if the clinical findings were inadequate, it [is] the ALJ's duty to seek additional information from [the treating physician] *sua sponte*"); *Ewald v. Comm'r of Soc. Sec.*, No. CV-05-4583 (FB), 2006 WL 3240516, at *2 (E.D.N.Y. Nov. 9, 2006) (Block, J.) ("even if correct evaluation of the medical records revealed inadequate support for [treating physician's] opinion, the ALJ's duty was to recontact [treating physician] . . . to fully develop the record.") Thus, the ALJ erred by failing to attempt to elicit further supporting information directly from Dr. Hecht before choosing not to assign controlling weight to Dr. Hecht's opinion.

Second, while the ALJ was permitted to give Dr. Hecht's opinion less than controlling weight, the ALJ failed–despite the Second Circuit's explicit mandate–to perform the proper analysis to determine what degree of *non-controlling* weight to give it. When a treating physician's medical opinion is not given controlling weight, an ALJ cannot simply disregard it outright. Rather, he must consider various factors to determine exactly how much weight to give the opinion, namely: (1) the length of the treatment relationship and frequency of the examination; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by medical and laboratory findings; (4) the physician's consistency with the record as a whole; and (5) whether the physician is a specialist. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see also Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). There is no indication in the record that the ALJ took into consideration factors (1), (2), or (5), and no mention of how much weight the ALJ ultimately assigned to Dr. Hecht's opinion. *See* A.R. at 280 (stating merely that Dr. Hecht's opinions

7

"are not granted controlling weight").

**B. Taylor's Nonexertional Limitations**

Taylor also argues, and the Commissioner denies, that the ALJ failed to properly take into account certain evidence of Taylor's nonexertional (i.e., non-strength-related) limitations. *See* 20 C.F.R. § 404.1569a(c). As Taylor notes, the ALJ does not appear to have even *considered* any of Taylor's nonexertional limitations other than his psychological conditions, such as his alleged drowsiness due to pain medications and his alleged need to "change positions at will[,]" A.R. 165; both have at least *some* support in the record. This was error. *See Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004) ("[i]t is not proper for the ALJ to simply pick and choose from the transcript only such evidence that supports his determination, without affording consideration to evidence supporting the plaintiff's claims").

Furthermore, with respect to Taylor's pyschological limitations (i.e., his depression and anxiety), while there is substantial evidence to support the ALJ's finding that they were not "severe," an ALJ must evaluate whether a claimant's nonexertional limitations, even if not severe *per se*, are disabling *in combination with* a claimant's exertional limitations. *See Dixon v. Shalala*, 54 F.3d 1019, 1031 (2d Cir. 1995) ("the [ALJ] must evaluate [the] combined impact [of claimant's impairments] on a claimant's ability to work, regardless of whether every impairment is severe"). Here, the ALJ merely concluded that "the claimant's 'depression' does not significantly affect his ability to work[,]" A.R. at 281, and did not consider whether the combined impact of Taylor's psychological limitations *and* physical limitations was disabling. This, too, was error.

8

## III

The Court now turns to the question of the appropriate remedy.

A district court has the authority to affirm, reverse or modify a final decision of the Commissioner, with or without remand. 42 U.S.C. § 405(g). Remand for further proceedings is "particularly appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, further findings would ... plainly help to assure the proper disposition of [a] claim." *Kirkland v. Astrue*, No. 06 CV 4861(ARR), 2008 WL 267429, at *8 (E.D.N.Y. Jan. 29, 2008) (quoting *Butts*, 388 F.3d at 386 (internal quotation marks omitted) (alterations in *Kirkland*)); *see also Rosa v. Callahan*, 168 F.3d at 72, 82-83 (2d Cir. 1999). By contrast, where the record already provides "persuasive proof of disability," *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980), and the court has "no apparent basis to conclude that a more complete record might support the Commissioner's decision," *Rosa*, 168 F.3d at 83, it is appropriate "simply to remand for a calculation of benefits." *Id.*

In light of the conflicting record evidence, the Court cannot preempt the Commissioner by making a finding of disability. *See Schaal*, 134 F.3d at 504 ("it is for the agency, and not [the reviewing] court, to weigh the conflicting evidence in the record"). Here, notwithstanding the ALJ's errors, it simply "cannot be said that the evidence of record so clearly points to a physically disabling condition as to justify a judicially mandated award of benefits." *Lugo v. Barnhart*, No. 04 Civ. 1064(JSR)(MHD), 2008 WL 515927, at *25 (S.D.N.Y. Feb. 8, 2008). Thus, a remand for further administrative proceedings is the proper course of action.

Nonetheless, Taylor urges the Court to take into consideration two allegedly

extenuating circumstances: (1) the fact that the ALJ, on his *second* opportunity to get Taylor's case right, inexplicably failed to comply with the appellate court's unambiguous orders, and (2) the "inordinate delay" in the adjudication of Taylor's claim, which was filed just shy of a decade ago. Pl. Reply Br. at 2. Because of these factors, Taylor suggests that "[e]ven if under ordinary circumstances, a remand for further development of the record would be a viable alternative," Pl. Reply Br. at 3, in this case, the Court should make a final determination in his favor both as a matter of justice and in order "to provide a clear message to the [Social Secuirty A]dministration that they must follow the . . . [l]aw . . . ." *Id.*

As to the first issue, the Court notes that ALJ Cofresi has now twice committed legal error, even after explicit instructions from the Second Circuit. The Court, however, is unaware of any cases – nor does Taylor cite any – providing that a court may sanction the Social Security Administration for its errors by granting judgment in a claimant's favor where the record does not establish disability; moreover, since Taylor has not even proven himself presumptively disabled, this might well be unconstitutional. *Cf. Butts*, 416 F.3d at 105 (holding that directing an award of benefits would not violate the Appropriations Clause once claimant has met burden of showing he cannot perform past relevant work and burden has shifted to Commissioner).

ALJ Cofresi's repeated errors warrant the assignment of this case to a different ALJ on remand. While such a decision is generally within the discretion of the Commissioner, *see Hartnett v. Apfel*, 21 F. Supp. 2d 217, 222 (E.D.N.Y.1998) (citing *Travis v. Sullivan*, 985 F.2d 919, 924 (7th Cir. 1993)), courts have made exceptions, directing the

Commissioner to appoint a new ALJ on remand where appropriate. *See, e.g., Ortiz v. Chater*, No. 95 CV 3126, 1997 WL 50217, at *3 n.1 (E.D.N.Y. Jan. 30, 1997) (directing assignment to new ALJ where, "rather than have the same ALJ review the claims a third time, a fresh look by another ALJ would be beneficial").[4] Because the ALJ's failure to follow the explicit directions of the Second Circuit demonstrates serious negligence and could possibly even suggest bias, the Court finds it appropriate to order assignment to a new ALJ.

As for the issue of delay, while the Court acknowledges that Taylor's decade-long sojourn in administrative limbo is troubling, to say the very least, the Court must adhere to the settled law of the Second Circuit, which provides that "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996); *see also Kirkland*, 2008 WL 267429, at *9 ("[E]ven where the responsibility for lengthy delays lies with the Commissioner, a remand for the calculation of benefits is appropriate only where the plaintiff has already met the burden of proving entitlement to benefits . . . .").

The Court recognizes that "a remand for further . . . proceedings (and the

---

[4] *See also Kolodnay v. Schweiker*, 680 F.2d 878, 879-80 (2d Cir. 1982) (directing assignment to new ALJ after original ALJ failed to consider entire medical record); *Hartnett v. Apfel*, 21 F. Supp. 2d 217, 223 (E.D.N.Y. 1998) (directing assignment to new ALJ where original ALJ misunderstood evidence and failed to consider record with adequate care); *Memoli v. Califano*, 463 F. Supp. 578, 583-85 (S.D.N.Y. 1978) (directing assignment to new ALJ where original ALJ, *inter alia*, did not comply with duty to seek out necessary medical evidence); *cf. Nunez v. Barnhart*, No. 01-CV-5714 (FB), 2002 WL 31010291 at *3-*4 (E.D.N.Y. Sept. 9, 2002) (Block, J.) (leaving decision whether to assign case to new ALJ on *first* remand to Commissioner's discretion).

possibility of further appeal) could result in substantial, additional delay." *Butts*, 388 F.3d at 387. For this reason, the Court "expects proceedings [on remand] to be conducted and resolved expeditiously, as befits an agency charged with the important trust of determining entitlement to disability benefits." *Uffre v. Astrue*, No. 06 Civ. 7755(GWG), 2008 WL 1792436, at *8 (S.D.N.Y. Apr. 18, 2008) (quoting *Wright v. Astrue*, No. 06-CV-6014 (FB), 2008 WL 620733, at *4 (E.D.N.Y. Mar. 5, 2008) (Block, J.)) (internal quotation marks and citation omitted).[5]

## CONCLUSION

This case is remanded to the Commissioner for further administrative proceedings by a new ALJ, to be carried out expeditiously and in accordance with this Memorandum and Order.

**SO ORDERED.**

s/FB

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 17, 2008

---

[5] Courts in this circuit have occasionally imposed strict time limits on the Commissioner's subsequent determination upon remand. *See Butts*, 388 F.3d 377 (2d Cir. 2004), *amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). The imposition of a time limit would be inappropriate in this case, however, because Taylor, unlike the plaintiffs in cases where such a time limit has been imposed, has not yet established that he is unable to resume his past relevant work. Only at that point could the Court properly impose a time limit on the Commissioner. *See Butts*, 416 F.3d at 103; *see also Uffre*, 2008 WL 1792436, at *8 ("The Court is unaware of any case that has set a time limit where the claimant had not yet been determined to be disabled").